_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:24-cv-00526-FWS-JDE | Date: September 20, 2024 |
| Title: Daniel Cavic v. Republic of Montenegro *et al*. | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Melissa H. Kunig | N/A |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER DENYING PLAINTIFFS' MOTIONS FOR CLERK TO ENTER DEFAULT [14], [16], [18], [20]; ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**

Before the court are Plaintiff Daniel Cavic's ("Plaintiff") Motions for Clerk to Enter Default against Defendant Republic of North Macedonia, Defendant Republic of Slovenia, Defendant Republic of Montenegro, and Defendant Republic of Bosnia and Herzegovina (collectively, "Defendants"). (Dkts. 14, 16, 18, 20, (collectively, "Motions").) The court finds these matters appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the state of the record, as applied to the applicable law, the Motions are **DENIED**.

I.    **Background**

On March 12, 2024, Plaintiff filed a Complaint, (Dkt. 1 ("Complaint")), against Defendants asserting claims for (1) breach of contract, (2) fraud, (3) emotional distress, and

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:24-cv-00526-FWS-JDE | Date: September 20, 2024 |
| Title: Daniel Cavic v. Republic of Montenegro *et al*. | |

(4) a request for punitive damages. (Complaint at 14-18.)[1] In summary, the Complaint alleges that after the former Yugoslavia broke up, a 2001 Succession Agreement of the Former Yugoslavia ("Succession Agreement") named six states as the former Yugoslavia's successors to its assets and liabilities: the Republics of Montenegro, Serbia, Bosnia and Herzegovina, North Macedonia, Croatia, and Slovenia ("Successor States"). (*Id*. at 4.) "Prior to Yugoslavia's breakup, Plaintiff had deposits in Yugobanka, New York Agency" ("Yugobanka"). (*Id*. at 5.) Following the breakup of the former Yugoslavia, Plaintiff's deposits were distributed to the Successor States. (*Id*.) "Pursuant [to] Yugobanka's liquidation, New York's District Court named Daniel Cavic as 1st creditor in Yugobanka's liquidation case." (*Id*.) Plaintiff alleges that Plaintiff received a judgment in the Orange County Superior Court against Yugobanka which entitles him to his initial deposit of $31,273.00 plus 10% interest compounded annually, plus attorneys' fees of $1,108.00. (*Id*. at 3, 5, 83-85.) Plaintiff alleges that the Successor States are "liable jointly and severally" for $1,108,083.34, consisting of "Plaintiff's original deposits in Yugobanka, plus interest," and Attorney and Court fees, and the Successor States have refused to pay Plaintiff in breach of the Succession Agreement. (*Id*. at 6.)

On July 22, 2024, the court issued an order denying Plaintiff's requests to enter default against Defendants (the "July 22, 2024, Order"), finding that "Plaintiff ha[d] not adequately and sufficiently demonstrated proof of proper service as required for an entry of default . . . ." (Dkt. 25 at 7.) In the July 22, 2024, Order, the court stated "[i]f Plaintiff wishes to proceed with this case, the court **DIRECTS** Plaintiff to effectuate proper service and file appropriate proofs of service on or before August 26, 2024." (*Id.*) Plaintiff has since filed proofs of service as to Defendants on the docket. (Dkts. 26, 28, 30, 32.)

II.   **Legal Standard**

---

[1] The page numbers listed herein reflect the ECF pagination on the Complaint. Because the court observes some portions of the Complaint contain duplicate paragraph numbers, (*see* Complaint at 14-17), the court cites to the page number of the Complaint, rather than the paragraph numbers of the Complaint.

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-00526-FWS-JDE | Date: September 20, 2024 |
| Title: Daniel Cavic v. Republic of Montenegro *et al*. | |

Under Federal Rule of Civil Procedure 55(a), default may be entered when a party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). A prerequisite to entering default against a party is that the party must have been properly served. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Defendants must be served in accordance with Rule 4(d) of the Federal Rules of Civil Procedure, or there is no personal jurisdiction."); *Wimo Labs, LLC v. eBay, Inc.*, 2017 WL 10439834, at *1 (C.D. Cal. May 2, 2017) ("For a [c]ourt to enter a default against a defendant, a plaintiff must demonstrate that the defendant was properly served."); *Gilbert v. Rashid*, 2023 WL 5938567, at *2 (E.D. Cal. Sept. 12, 2023) ("The court cannot enter default judgment if the defendants were not properly served."); *Pourtemour v. Simpson*, 2008 WL 11419052, at *2 (C.D. Cal. July 29, 2008); ("Unless proper service is effectuated, default judgement cannot be entered against a defendant."); *Hicks v. Kuula*, 2005 WL 8173059, at *1 (W.D. Wash. Aug. 3, 2005) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."); *see also Dewey v. Los Angeles City Coll. Fin. Aid Off.*, 2023 WL 3431897, at *2 (C.D. Cal. May 5, 2023) ("Additionally, because the case should, whenever possible, be decided on the merits, … any doubts to as to whether a party is in default should be decided in favor of the defaulting party.") (citations and quotation marks omitted).

"The [Foreign Sovereign Immunities Act ("FSIA")] is the exclusive source of subject matter jurisdiction over suits involving foreign states or their instrumentalities." *Joseph v. Off. of Consulate Gen. of Nigeria*, 830 F.2d 1018, 1021 (9th Cir. 1987). Under FSIA, "[p]ersonal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction [] where service has been made under section 1608 of this title." 28 U.S.C. § 1330(b). This mirrors the requirement of Federal Rule of Civil Procedure 4(j), which states that "[a] foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608." Fed. R. Civ. P. 4(j)(1).

Under 28 U.S.C. § 1608, service shall be made upon a foreign state as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00526-FWS-JDE                                         Date: September 20, 2024
Title: Daniel Cavic v. Republic of Montenegro *et al*.

> (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or
>
> (2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or
>
> (3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or
>
> (4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services—and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

28 U.S.C. § 1608(a)(1)-(4).

### III. Discussion

Plaintiff filed proofs of service indicating that Plaintiff attempted to serve Defendants with various documents, including the Complaint, using substitute service through "Mr. Heang, Mailroom Clerk." (Dkts. 26, 28, 30, 32.) The court observes the proofs of service do not

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-00526-FWS-JDE | Date: September 20, 2024 |
| Title: Daniel Cavic v. Republic of Montenegro *et al*. | |

sufficiently demonstrate who Mr. Heang is or Mr. Heang's relationship to Defendants.  (*See generally id.*)  Plaintiff also filed a declaration by Plaintiff's attorney in support of each proof of service, stating that, following substitute service upon Mr. Heang, Plaintiff attempted mail service upon addresses in Washington, D.C., for each Defendant "per diplomatic requirements." (Dkts. 27, 29, 31, 33.)  The court observes Plaintiff's attorney's declarations do not sufficiently demonstrate the significance of the addresses mailed service was sent to, who the recipients of mailed service are, or to what "diplomatic requirements" the proofs of service refer.  (*See id.*)

The court notes that each of the Defendants is a party to the Convention on the Service Abroad of Judicial and Extrajudicial Documents, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (the "Hague Service Convention").[2]  In order to properly serve a state signatory pursuant to the Hague Service Convention, an attorney or judicial officer must submit a request for service, along with the document to be served, to each foreign state's Central Authority.  *See* Hague Service Convention, Art. 2.  Then, each defendant's Central Authority "shall itself serve the document or shall arrange to have it served by an appropriate agency."  Hague Service Convention, Art. 5.  Upon completion of service, each defendant's Central Authority must complete a certificate "stat[ing] that the document has been served and shall include the method, the place and the date of service and the person to whom the document was delivered" and if service is not complete, the reasons why service was unsuccessful.  Hague Service Convention, Art. 6.

In this case, based on the state of the record, the court finds Plaintiff has not adequately demonstrated that service was completed in accordance with 28 U.S.C. § 1608 or the Hague

___

[2] The court takes judicial notice of the fact that Defendants are signatories to the Hague Service Convention.  *See* https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (listing signatories to the Hague Service Convention); *Findlay v. Alaska Air Grp., Inc.*, 2011 WL 2710499, at *2 (D. Nev. July 12, 2011) (taking judicial notice of text of and signatories to Montreal Convention); Fed. R. Evid. 201 (permitting court to take judicial notice of facts not subject to reasonable dispute because it can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned" and stating the court "may take judicial notice on its own.").

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-00526-FWS-JDE | Date: September 20, 2024 |
| Title: Daniel Cavic v. Republic of Montenegro *et al*. | |

Convention.  The court notes that Plaintiff attempted substitute service upon a purported mailroom clerk, Mr. Heang, which the court observes is not a designated form of acceptable service under 28 U.S.C. § 1608 or the Hague Convention.  (Dkts. 26, 28, 30, 32.)  Moreover, Plaintiff attempted service by mail upon various addresses in Washington, D.C., but does not sufficiently indicate in the proofs of service or accompanying declarations what these addresses are, who the recipients are, or under what "diplomatic requirements" Plaintiff purportedly effectuated service in this manner.  (*See* Dkts. 26-33.)  Thus, the court finds that Plaintiff does not adequately demonstrate that the recipient of service is an appropriate recipient pursuant to 28 U.S.C. § 1608 or the Hague Convention.

Moreover, among other deficiencies with Plaintiff's attempted service, Plaintiff does not adequately indicate in the proofs of service or supporting declarations whether service was effectuated pursuant to a "special arrangement" under 28 U.S.C. § 1608(a)(1), or why service under 28 U.S.C. § 1608(a)(1) was not effectuated.  (*Id.*)  The plain language of the statute sets out "hierarchical" methods of service; because Plaintiff does not sufficiently demonstrate that Plaintiff could not effectuate service pursuant to 28 U.S.C. § 1608(a)(1), the court finds that Plaintiff may not pursue the other methods under 28 U.S.C. § 1608(a)(2)-(4).  *See Republic of Sudan v. Harrison*, 587 U.S. 1, 4 (2019) ("Section 1608(a) . . . sets out in hierarchical order [] four methods by which "'[s]ervice . . . shall be made.'"); *Peterson v. Islamic Republic Of Iran*, 627 F.3d 1117, 1129 n.4 (9th Cir. 2010) (noting that "[t]he four forms of service are listed in descending order of preference"); *Rhuma v. Libya*, 2023 WL 5817713, at *1 (E.D. Cal. Sept. 8, 2023) (same).  Even if Plaintiff had properly attempted service under 28 U.S.C. § 1608(a)(1), the court finds that Plaintiff's substitute service upon a purported mailroom clerk and mail service upon ambiguous recipients at American addresses does not satisfy the requirements of 28 U.S.C. § 1608(a)(2)-(4) or the Hague Convention.

Accordingly, the court finds that Plaintiff has not adequately and sufficiently demonstrated proof of proper service as required for an entry of default under Federal Rule of Civil Procedure 55(a) and thus **DENIES** the Motions.  *See Howard v. Pearl*, 2022 WL 19241135, at *2 (C.D. Cal. Dec. 8, 2022) ("Default may not be entered where service is improper."); *see also Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 685 (N.D. Iowa 1995) (stating that where "it appears from the record that they have never properly served the

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-00526-FWS-JDE | Date: September 20, 2024 |
| Title: Daniel Cavic v. Republic of Montenegro *et al*. | |

defendants, none of the defendants has failed to plead or defend as required by the rules of civil procedure, and neither entry of default nor entry of default judgment would be proper").

Additionally, based on the record, the court observes that Plaintiff may not have sufficiently demonstrated that one of the FSIA's exceptions to sovereign immunity applies in this case such that the court can exercise subject matter jurisdiction. *See Joseph*, 830 F.2d at 1021 ("The FSIA is the exclusive source of subject matter jurisdiction over suits involving foreign states or their instrumentalities. . . . Under the FSIA, [courts] presume that actions taken by foreign states or their instrumentalities are sovereign acts and thus are protected from the exercise of jurisdiction, unless one of the FSIA's exceptions to immunity applies."). Accordingly, the court **ORDERS** Plaintiff to show cause in writing no later than **October 4, 2024**, why this action should not be dismissed for lack of subject matter jurisdiction. Failure to respond by the above date may result in the court dismissing this action. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed. . . by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming sua sponte dismissal with prejudice "for failure to prosecute and for failure to comply with a court order"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment.").

### IV. Disposition

For the reasons set forth above, the court finds that Plaintiff has not adequately served Defendants and **DENIES** the Motions. In addition, the court **ORDERS** Plaintiff to show cause in writing no later than **Friday, October 4, 2024**, why this action should not be dismissed for lack of subject matter jurisdiction.

___